STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAUREN M. HARDING (CABN 308029)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6938
    FAX: (415) 436-7234
    Lauren.Harding@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22-0331 WHO |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| JOHNNATAN ZELAYA IZAGUIRRE, | |
| Defendant. | |

On September 1, 2022 defendant JOHNNATAN ZELAYA IZAGUIRRE was charged by Indictment with two counts of Coercion and Enticement to Produce Child Pornography, in violation of 18 U.S.C. § 2422(b), one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

This matter came before the Court on September 14, 2022 for a detention hearing. The defendant was present and represented by Steven Kalar. Assistant United States Attorney Lauren M. Harding appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention. Before the hearing, the government filed a brief in support of detention. *See* ECF No. 8.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that a preponderance of the evidence supports that the defendant committed offenses involving minor victims under 18 U.S.C. §§ 2422 and 2252(a)(4), creating a rebuttable presumption that no conditions will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). The defendant has not rebutted the presumption that he is a danger to the community.[1] Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

- As described further in the government's detention brief, *see* ECF No. 8, the defendant is alleged to have engaged in hands-on contact with victims—including by having sex with at least three victims, two of whom were minors at the time—evincing his danger to other minors in the community.

- The defendant is a former driving instructor and owner and operator of a driving school. He is alleged to have used those positions of authority and opportunities afforded by driving instruction to identify minor girls with whom he had inappropriate sexual conversations, some of which are documented in the government's detention brief. *See* ECF No. 8. In some instances, he tried to persuade his students to create pornographic content.

- Although the defendant represents that he is no longer teaching driving lessons and that he has transferred ownership of the driving school to his mother, the driving school still operates out of the house in which he is living with his mother, who has another full-time job. Accordingly, if released, the defendant would still have influence over and access to the school's operations and student rosters.

- As described further in the government's detention brief, *see* ECF No. 8, the defendant is alleged to have identified, coerced, and enticed girls over social media as early as November

---

[1] The United States and Pretrial Services has not argued that the defendant, who self-surrendered, is a flight risk.

2013.  The defendant is also alleged to have taught his victims how to evade detection by their parents online.  As such, no set of conditions can mitigate the risk that he will re-offend by approaching girls online.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/14/2022

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge